UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60149-CR-MARRA

UNITED STATES OF AMERICA

vs.

JESUS FELIPE LINARES ANDRADE,

Defendant.
_____/

## FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

Starting in early 2021, through on or about April 30, 2021, the defendant participated in a scheme to cash U.S. Treasury stimulus checks stolen from the mail. As part of the scheme, co-conspirators stole hundreds of stimulus checks intended for U.S. taxpayers living abroad in Mexico. As part of the scheme, the co-conspirators caused stolen U.S. Treasury checks to be sent to South Florida, typically concealed in books in packages. During the conspiracy, the defendant and others caused these checks and fake identification documents to be delivered to confidential sources and received cash in return. The defendant knew the purpose of the conspiracy (to cash stolen U.S. Treasury checks) and willfully joined in it.

In furtherance of the conspiracy, on or about April 15, 2021, the defendant and an associate picked up a package that contained approximately $249,000 in stolen U.S. Treasury checks from a P.O. Box in Deerfield Beach, Florida.

On or about April 26, 2021, the defendant had a meeting with confidential sources in Doral where the defendant received approximately $34,000 in cash and delivered approximately 226 stolen U.S. Treasury checks worth approximately $135,000.

On or about April 30, 2021, the defendant had a meeting with confidential sources at the Miami International Mall. At this meeting, the defendant placed an envelope containing over $150,000 in stolen U.S. Treasury checks and over 30 identification documents, primarily consisting of copies of driver's licenses, including a driver's license in the name of "J.H." matching a U.S. Treasury check for J.H. The defendant knew that the name J.H. belonged to a real person because a U.S. Treasury check had been issued in the name of J.H.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7/7/2021            By: _____
                              MICHAEL N. BERGER
                              ASSISTANT UNITED STATES ATTORNEY

Date: 6/22/21             By: _____
                              DAVID S. MARKUS, ESQ.
                              COUNSEL FOR DEFENDANT

Date: 6/22/21             By: _____
                              JESUS FELIPE LINARES ANDRADE
                              DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60149-CR-MARRA

UNITED STATES OF AMERICA

vs.

JESUS FELIPE LINARES ANDRADE,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Jesus Felipe Linares Andrade (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment charging the defendant with a violation of Title 18, United States Code, Section 371 (Conspiracy to Commit Theft of Government Money) and Count 5 of the Indictment charging the defendant with a violation of Title 18, United States Code, Section 1028A(a)(1) (Aggravated Identity Theft). The United States agrees to dismiss the remaining counts of the Indictment at the time of sentencing.

2. The defendant understands and acknowledges that, as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to 5 years and a term of supervised release of up to 3 years. The defendant further understands and acknowledges that, as to Count 5, the Court must impose a two-year mandatory term of imprisonment consecutive to any sentence in Count 1 and a term of supervised release of up to 1 year. Further, the defendant understands



that the Court may impose a fine of up to $250,000. The defendant also understands that a restitution order may be imposed.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon recommendation contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States agrees to recommend a sentence at the low end of the advisory guideline range. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; (3) commits any misconduct after signing this plea agreement, including but not limited to committing a state or federal offense,

violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or (4) fails to comply with the provisions in paragraph 8.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

4



9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which

the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

12. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.



13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7/7/2021 By: _____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/22/21 By: _____
DAVID S. MARKUS, ESQ.
COUNSEL FOR DEFENDANT

Date: 6/22/21 By: _____
JESUS FELIPE LINARES ANDRADE
DEFENDANT